ROBERTS, Justice
(dissenting).
This is a prohibition proceeding in which the sole issue is whether the respondents, *259 constituting the Florida Board of Pharmacy, have jurisdiction to revoke the pharmacy license of the relator because of a mistake of law allegedly made by the predecessor Board in granting the license to the relator.
The relator successfully passed the pharmacy examination and was granted a license by the Pharmacy Board in 1953. At that time the statute, Chapter 25238, Laws of Florida, Acts of 1949, Section 465.02, Fla. Stat.1949, F.S.A., required the Board to give the pharmacy examination to all applicants “who shall have previously paid the required fee and who may have presented to said board satisfactory proof that he is at least twenty-one years of age and a graduate of an accredited school or college of pharmacy, * * * and who shall meet such additional requirements as to moral character, age and education as the board may from time to time prescribe; * * (Emphasis added.) The relator is not a graduate of an accredited school or college of pharmacy; but, at the time he was examined, the then members of the Board interpreted the Act to mean that this was not a mandatory requirement for eligibility to take the pharmacy examination.
The present members of the Board, respondents here, have initiated proceedings to revoke the relator’s license (and, it is said, those of 29 other pharmacists who were licensed to practice under the same interpretation of the Act) because of the allegedly incorrect interpretation of the 1949 Act made by the predecessor Board, as noted above. Under Section 465.101, Fla. Stat.1955, F.S.A., the Board is authorized to revoke or suspend a pharmacist’s license where such was obtained “by misrepresentation or fraud or through a mistake of the board of pharmacy * * * ”; and it is respondents’ contention here that the relator obtained his license through a “mistake of law” made by the predecessor Board, and that this is a “mistake” justifying revocation of relator’s license under Section 465.-101, supra. In the opinion of the writer, this contention cannot be sustained.
The courts are the final arbiters of the meaning of our statutes; and if a mistake in interpretation has been made by an administrative board, as a result of which a right or a privilege has become vested, the error should be corrected and the right or privilege revoked in a judicial proceeding properly instituted for that purpose.
Accordingly, ■ in my opinion, the writ of prohibition absolute should issue, notwithstanding the answer of the respondents.
I therefore must dissent.